[Cite as *State v. Dunn*, 2020-Ohio-1183.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-05-009 |
| | : | O P I N I O N |
| - vs - | | 3/30/2020 |
| | : | |
| DENNIS C. DUNN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 17500127

Richard W. Moyer, Clinton County Prosecuting Attorney, Andrew McCoy, 103 E. Main Street, Wilmington, Ohio 45177, for appellee

Carly M. Edelstein, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Dennis Dunn, appeals his conviction for kidnapping and abduction in the Clinton County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} On April 26, 2017, Jennifer Elliott was reported missing by her mother. Jennifer's mother was concerned because Jennifer suffers from epileptic seizures without medication and knew that Jennifer would not have left her child or disabled father alone for

the night. Jennifer's mother suspected that Dunn was involved in her disappearance due to Dunn's stalking behavior after Jennifer declined his romantic advances.

{¶ 3} While searching for Jennifer, Blanchester Police Officer Mark Keller was directed to Dunn's shed when someone reported that they heard noises coming from inside. As he approached, Officer Keller heard whimpering and crying coming from inside the shed. Upon forcing entry, Officer Keller discovered Jennifer in a 3-foot pit covered with boards and other weighted material. Jennifer, who was shaking and seizing while in the fetal position, was hysterical and repeatedly begged "[d]on't let him put me back in that hole."

{¶ 4} Blanchester police secured a perimeter around Dunn's property and requested assistance before attempting to enter Dunn's residence. However, prior to forcing entry, Dunn exited his residence. When taken into custody, Dunn advised officers that he had not seen Jennifer for several nights and that he "stays away from her." Dunn later changed his story and maintained that he had not kidnapped Jennifer or held her prisoner. Instead, he claimed Jennifer asked him to hide her from an abusive, satanic sex cult of which she was a member. Dunn also claimed he and Jennifer had been in a long-term romantic relationship.

{¶ 5} The matter proceeded to a bench trial where Dunn suggested three theories for the case: (1) that Jennifer asked Dunn to hide her in the pit in order to escape her life, (2) that Jennifer asked Dunn to hide her in the pit in order to set him up for arrest, and (3) that Dunn was under the influence of a psychotic episode and was unable to understand the wrongfulness of his actions. In support of the not guilty by reason of insanity defense, Dunn called Dr. James Hawkins who testified that Dunn could not understand the wrongfulness of his actions because he suffered from the delusion that he and Jennifer were lovers and that he was hiding her at her request.

{¶ 6} The state presented rebuttal evidence from Dr. Joy McGhee who

acknowledged that Dunn suffers from a serious mental illness but disagreed with Dunn's expert that he was unable to understand the wrongfulness of his actions. In making her opinion, Dr. McGhee noted that Dunn denied knowledge of Jennifer's whereabouts when questioned by police to obfuscate or conceal his involvement in the kidnapping. Dr. McGhee found that fact to be compelling because Dunn had previously called the police multiple times for their assistance and was aware that calling the police was a reasonable and appropriate action to take when one needs assistance.

{¶ 7} The trial court found that Dunn had not met his burden of proving the not guilty by reason of insanity defense by a preponderance of the evidence and entered a guilty verdict for one count of kidnapping and two counts of abduction. Dunn now appeals, raising a single assignment of error for review:

{¶ 8} THE TRIAL COURT VIOLATED DENNIS DUNN'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT REJECTED THE AFFIRMATIVE DEFENSE OF NOT GUILTY BY REASON OF INSANITY AND ENTERED A JUDGMENT OF CONVICTION FOR ABDUCTION AND KIDNAPPING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION; STATE V. THOMPKINS, 78 OHIO ST.3D 380, 678 N.E.2D 541 (1997); 4/19/19 JUDGMENT ENTRY OF SENTENCE. (3/19/19 T.P., P. 124-125).

{¶ 9} In his sole assignment of error, Dunn argues the trial court erred by not entering a judgment of not guilty by reason of insanity and alleges the decision is against the manifest weight of the evidence. Dunn's argument is without merit.

{¶ 10} A manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 34. In

determining whether the conviction is against the manifest weight of the evidence, an appellate court "must weigh the evidence and all reasonable inferences from it, consider the credibility of the witnesses and determine whether in resolving conflicts, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Coldiron*, 12th Dist. Clermont Nos. CA2003-09-078 and CA2003-09-079, 2004-Ohio-5651, ¶ 24.  "This discretionary power should be exercised only in the exceptional case where the evidence weighs heavily against conviction."  *Id.*

{¶ 11} The defendant's sanity is not an element of the offense the state must prove. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 35.  The state need not prove that the defendant was sane.  *Id.*  To the contrary, the defense of not guilty by reason of insanity is an affirmative defense.  *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 64.  "[T]he burden of proof, by a preponderance of the evidence, for an affirmative defense * * * is upon the accused."  R.C. 2901.05(A).  The accused must persuade the trier of fact that "at the time of the commission of the offense, the [accused] did not know, as a result of a severe mental disease or defect, the wrongfulness of the [accused's] acts."  R.C. 2901.01(A)(14).

{¶ 12} Following review, we find the trial court's decision is not against the manifest weight of the evidence.  In the present case, there were competing experts who arrived at different opinions regarding Dunn's ability to understand the wrongfulness of his actions. Dr. Hawkins testified that, in his opinion, Dunn suffered from a severe mental illness at the time of the commission of the offense and did not know the wrongfulness of his actions.  In particular, Dr. Hawkins opined that Dunn was suffering from a methamphetamine induced psychosis, which had converted to a chronic mental illness for which he was unable to understand the wrongfulness of his actions.  To the contrary, the state presented the testimony of Dr. McGhee who testified that Dunn could appreciate the wrongfulness of his

actions, again, specifically noting Dunn's attempts to conceal or hide evidence of the kidnapping. The trial court considered the respective testimonies and found:

> The crux in this case regarding whether the defense met its burden dealt with whether or not despite that severe mental disease defendant appreciated the wrongfulness of his actions in committing the criminal activity. Now, that is not the state's burden again, that is the defendant's burden and to meet that burden the testimony of Dr. Hawkins used a circuitous route that he was delusional and therefore he didn't appreciate the wrongfulness of his actions.

> Yet the doctor indicated by his own testimony that people who are delusional * * * suffer from severe mental diseases can appreciate the wrongfulness of their actions. I don't find that the defense has convinced me by a preponderance of the evidence, in fact, I would suggest the other way. I think the state has presented sufficient criteria in indicating that the defendant did appreciate the wrongfulness of his actions.

{¶ 13} Though there was conflicting evidence with respect to Dunn's sanity and ability to appreciate the wrongfulness of his actions during the commission of the offense, it is well established that a conviction is not against the manifest weight of the evidence merely because the trier of fact believed the prosecution testimony. *State v. Martino*, 12th Dist. Butler No. CA2017-09-139, 2018-Ohio-2882, ¶ 13. This is because, "[a]s the trier of fact in this case, the trial court was in the best position to judge the credibility of the parties and the weight to be given the evidence." *State v. Hilton*, 12th Dist. Butler No. CA2015-03-064, 2015-Ohio-5198, ¶ 22. As a result, we find the trial court did not err by finding that Dunn failed to satisfy the affirmative defense of insanity. Dunn's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.